UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JOHN BENDER DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 11-253-GFVT |
| | ) | |
| vs. | ) | |
| | ) | |
| KAREN HOGSTEN, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Respondent. | ) | **ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*

John Bender Davis is confined at the Federal Correctional Institution in Manchester, Kentucky. Davis has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting that the search of his vehicle which lead to his convictions violated the Fourth Amendment under the Supreme Court's recent decision in *Arizona v. Gant*, 556 U.S. 332 (2009). [R. 1.] Having reviewed the petition,[1] the Court concludes that the petition must be denied.

On February 20, 2006, police officer Mark Brown stopped Davis's vehicle for displaying a fictitious registration plate in Durham, North Carolina. Brown placed Davis under arrest when he could not provide either a driver's license or a vehicle registration. In a search conducted

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, at \*1 (6th Cir. Oct. 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise, it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

incident to that arrest, Brown discovered two plastic bags in Davis's right front pocket which contained what appeared to be crack cocaine. Brown then searched Davis's vehicle and discovered a semi-automatic pistol hidden under the center console and a third plastic bag which contained what also appeared to be crack cocaine. Subsequent laboratory tests confirmed that the substance was crack cocaine totaling 6.3 grams.

On July 31, 2006, Davis was indicted for various federal drug and firearm trafficking offenses. On August 25, 2006, Davis agreed to plead guilty to possession of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In exchange, the charge that Davis possessed a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(a)(I) was dismissed. The Court accepted Davis's plea agreement on September 6, 2006, and on January 17, 2007, sentenced him to two concurrent 200-month sentences. The Court of Appeals for the Fourth Circuit affirmed his conviction and sentence on direct appeal and through collateral attack pursuant to 28 U.S.C. § 2255. *United States v. Davis*, No. 1:06-CR-275-JAB-1 (M.D.N.C. 2006).

In his petition, Davis contends that the search of his vehicle following his arrest constituted an unreasonable search and seizure in violation of the Fourth Amendment in light of the Supreme Court's decision in *Arizona v. Gant*, 556 U.S. 332 (2009). [R. 1, Ex. 1 at 1, 5.] In *Gant*, the Supreme Court noted that, under *New York v. Belton*, 453 U.S. 454 (1981), police may conduct a warrantless search of an arrestee's vehicle incident to his or her arrest, premised on the assumption that articles inside a vehicle's passenger compartment are generally within the arrestee's reach. But because the purpose of extending the right to search to the vehicle is to prevent the arrestee from destroying evidence or retrieving a weapon, *Chimel v. California*, 395

U.S. 752, 763 (1969), that right is only applicable in two situations. First, when the arrestee is unsecured and within reaching distance of the vehicle's passenger compartment. *Gant*, 129 S. Ct. at 1719. Second, a warrantless search is permissible when it is "reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Id*.

The Court will deny Davis's petition on two grounds. First, Davis may not assert this claim in a habeas corpus petition under § 2241. A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under § 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Section 2255(e) provides a narrow exception to this rule. This exception permits a prisoner to challenge the legality of his conviction through a § 2241 petition when his or her remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance in which a prisoner may take advantage of this provision is when, after a prisoner's conviction has become final, the Supreme Court re-interprets the terms of the statute the prisoner was convicted of violating in such a way that the prisoner's actions did not violate the statute as newly interpreted. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 2004 WL 1447645, at *2 (6th Cir. 2004). This exception is unavailable, however, when a prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or when a claim was asserted in a prior post-conviction motion under § 2255, but that claim was

denied. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Davis's claim that the search of his vehicle without a warrant violated the Fourth Amendment, even if meritorious, does not implicate the exception identified above. That is, Davis's conviction was not premised upon conduct that a newly issued Supreme Court decision decriminalized. Therefore, Davis's claim is not cognizable in a habeas corpus proceeding under Section 2241. *Stewart v. Bledsoe*, 2011 WL 3206837 (M.D. Penn. May 31, 2011) (claim challenging propriety of vehicular search must be asserted under Section 2255) (*citing Robinson v. Sniezek*, 401 F. App'x 645, 646-47 (3d Cir. 2010)); *Ponton v. Mitchell*, 2009 WL 3738207 (D.S.C. Nov. 5, 2009) (same); *Castenada v. Quintana*, 2011 WL 2183718 (C.D. Cal. Apr. 27, 2011).

Second, Davis's claim would also fail on the merits. Davis contends that the warrantless search of his vehicle was not permissible under *Gant* because he had already been "placed under custodial arrest," and because his arrest for failing to provide a valid license and registration did not indicate that drugs could be found in the vehicle. [R. 1, Ex. 1 at 5.] Although Davis has not provided evidence to support his contention that he was not near the vehicle at the time it was searched, the Court will assume this is true. Concerns for the safety of the arresting officer or destruction of evidence, therefore, would not justify a warrantless search. *Gant*, 129 S.Ct. at 1719.

However, a warrantless search incident to arrest is also lawful "when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'" *Id*. Davis's argument that the search of his vehicle for drugs was unrelated to his initial arrest for displaying a fictitious registration is correct, but insufficient. Davis was initially arrested because of a

traffic infraction, but when his person was searched incident to arrest, the officer discovered what plainly appeared to be illegal narcotics. At that juncture, Davis was then also under arrest for possession of illegal narcotics, and the search of his vehicle was permissible to find evidence relevant to that crime. *Gant*, 129 S.Ct. at 1719.

Accordingly, **IT IS ORDERED** that:

1. Davis's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2. The Court will enter an appropriate judgment.

This 5th day of December, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge